**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BEVERLY BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:11-cv-1315 |
| vs. ) | |
| ) | |
| ENHANCED RECOVERY ) | |
| COMPANY, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BEVERLY BROOKS, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Berea, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about January 17, 2011, Plaintiff received a letter from Defendant in regard to collection of the aforementioned alleged debt. A copy of said letter is attached hereto as Plaintiff's Exhibit 1.

9. In said letter, which Defendant labeled as a "CREDIT BUREAU REPORTING NOTIFICATION," Defendant stated "[t]his letter serves as a notification that your delinquent account may be reported to the national credit bureaus," thus overshadowing Plaintiff's right to dispute and/or request validation of the debt.

10. To date, Plaintiff has not paid the balance demanded on the account Defendant is attempting to collect from her, but Defendant has not reported the account to the national credit bureaus.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Threatening to take action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    c. Participating in communications which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

WHEREFORE, Plaintiff, BEVERLY BROOKS, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

16. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as she is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, BEVERLY BROOKS, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $200.00 for each violation of the OCSPA;

4

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com